IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENDA GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-06-1385-C |
| | ) | |
| ROCKETPLANE LIMITED, INCORPORATED, | ) ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed this action against her former employer on December 15, 2006, alleging federal violations of Title VII, 42 U.S.C. § 2000e et seq., and the Equal Pay Act ("EPA"), 29 U.S.C. § 206 et seq. Defendant filed a motion for partial summary judgment (Dkt. No. 14), and Plaintiff has responded (Dkt. No. 17). Accordingly, this matter is now at issue.

I. STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way and is 'material' when it is essential to the proper disposition of the claim." Haynes v. Level 3 Commc'ns, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006) (citation and internal quotation marks omitted), cert. denied, 127 S. Ct. 1372 (2007).

The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. DISCUSSION

Plaintiff asserted both Title VII and EPA claims in her complaint, based on the alleged sex- and race-based discrimination that she suffered while working for Defendant. (See Compl., Dkt. No. 1, ¶ C(6).) Title VII makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . [or] sex." 42 U.S.C. § 2000e-2(a)(1). The EPA requires employers to give equal pay to men and women "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1).

Defendant seeks summary judgment on Plaintiff's Title VII race discrimination claim. According to Defendant, Plaintiff's deposition testimony establishes that she is bringing only a sex-based equal pay claim under the EPA and has not alleged a Title VII claim. (See Def.'s Mot. at 1-2.) Plaintiff counters that the same deposition testimony indicates that Plaintiff is bringing a Title VII race discrimination claim together with her sex discrimination claim. (Pl.'s Resp. at 1-2.)

The relevant deposition testimony of Plaintiff reads as follows:

Q: If you were fired for a justifiable reason, why are we here?
A: Because I had been complaining for six months about my pay in relation to the males and non - - people that were not Indians [who] were getting on an average 30,000 a year more than me for less work, they weren't expected to do as much as I was . . . .
Q: Your lawsuit against [Defendant] is that they paid you less because you are a Native American?
A: Female, Native American female, yes.
   . . . .
Q: Any other bases or claims in your lawsuit, other than those two?
A: Equal pay and sex-based discrimination.
Q: That's what I have written down.
A: Yes, that's it.

(Def.'s Mot. Ex. B, Pl.'s Dep. at 66, 67.)

The facts and reasonable inferences therefrom indicate that Plaintiff is indeed alleging race discrimination as well as sex-based discrimination. Taken in context with the preceding questions, Plaintiff's response of "[e]qual pay" clearly encompasses her belief that she was paid less and treated differently due to both her sex and the fact that she is Native American, regardless of whether she was aware of exactly which statutes or legal phrases would be applicable to which claims.

Moreover, sex-based pay discrimination claims can fall outside the narrow confines of the EPA but still violate Title VII.  While a plaintiff may bring only an unequal-pay-for-equal-work claim under the EPA, Title VII provides a cause of action for other discriminatory compensation practices, as the statute prohibits any discrimination "with respect to [an individual's] compensation" on the basis of that individual's sex.  See 42 U.S.C. § 2000e-2(a)(1); Sprague v. Thorn Ams., Inc., 129 F.3d 1355, 1362-63 (10th Cir. 1997) ("[T]he EPA's requirement that a plaintiff prove equal work does not apply to Title VII.  Rather, a cause of action for discriminatory compensation based on sex could arise under Title VII even if a plaintiff did not allege unequal pay for equal work." (internal quotation marks omitted)).  Therefore, Plaintiff's decision to sue under the EPA would not prevent her from also bringing a sex-based discrimination claim under Title VII.

Based on the evidence before the Court, Defendant has not demonstrated an absence of genuine issues of material fact on Plaintiff's Title VII claims, and it is not entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons cited herein, Defendant's motion for partial summary judgment (Dkt. No. 14) is DENIED.

IT IS SO ORDERED this 15th day of August, 2007.

ROBIN J. CAUTHRON
United States District Judge